# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **LAWRENCE RICHARD** | **CASE NO. 6:18-CV-00149** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **ALONZO HARRIS ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion To Dismiss Plaintiff's Complaint filed by Defendant Judge Alonzo Harris ("Harris") [Rec. Doc. 36].

## I. Factual Background

The Plaintiff, after dismissal by the state court in an action that was pending in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, in Civil Action No. 16-C-0977-A, sought to file this action herein against a number of parish and state employees, including Judge Alonzo Harris.  Plaintiff brings suit against Harris, alleging that plaintiff's property was taken by "fraudulent acts by persons in authority."  [Rec. Doc. 1, ¶ 2(A)]  He seeks monetary damages against Judge Harris for "sufficient compensation for two years of pain, suffering, and time put forth trying to get this matter resolved."  *Id.*

Judge Harris seeks to have this Court dismiss plaintiff's claims against him.

## II. Law and Analysis

Plaintiff claims that Judge Harris fraudulently seized his property in connection with a state court action that was pending before him in the 27th Judicial District Court. Plaintiff's Original Complaint states that suit was filed pursuant to federal question jurisdiction. [Rec. Doc. 1, p. 3, ¶ II] Because Plaintiff is a pro se litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). The Court determined that Plaintiff's claims were filed pursuant to 42 U.S.C. § 1983.

Plaintiff's claims against Judge Alonzo Harris are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (*citing Bradley v. Fisher*, 80 U.S. 335 (1871)); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); *accord Mays*, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. *Stump*, 435 U.S. at 356-57; *Mays*, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. *Mays*, 97 F.3d at 111. Thus, to survive

a Rule 12(b)(6) Motion to Dismiss in the current case, Plaintiff must show that the actions the Judge took were non-judicial. *Burns v. Mayes*, 369 Fed. Appx. 526, 530 (5th Cir. 2010) (holding that "it is only for those nonjudicial actions or for actions that are taken 'in the complete absence of all jurisdiction' that judges do not enjoy such immunity."

The Defendant argues, and this Court agrees, that applying these authorities to the facts of this case, Plaintiff is unable to satisfy the burden of pleading non-judicial acts and/or actions that were taken with a complete absence of all jurisdiction. To the contrary, a review of the Complaint reveals that any allegations against the Judge involve discretionary acts taken in his official capacity as a Judge of the 27th Judicial District Court and there are no allegations of any extra-judicial actions. Any actions taken by Judge Harris regarding the Plaintiff's property was within the court's sound discretion. Consequently, all claims against Judge Harris are barred by the doctrine absolute judicial immunity. For these reasons, all of Plaintiff's claims against this defendant must be dismissed for failure to state a claim upon which relief can be granted.

### III. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** that Defendant Alonzo Harris' Motion to Dismiss [Rec. Doc. 36] be **GRANTED**, dismissing plaintiff's claims against Alonzo

Harris **WITH PREJUDICE** for failing to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 16th day of August, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE