UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LAWRENCE RICHARD** | **CASE NO. 6:18-CV-00149** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **ALONZO HARRIS ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion To Dismiss Plaintiff's Complaint filed by Defendant Bruce A. Gaudin ("Gaudin") [Rec. Doc. 40].

### I. Factual Background

The Plaintiff, after dismissal by the State Court in an action that was pending in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, in Civil Action No. 16-C-0977-A, sought to file this action herein against a number of parish and state employees, as well as Gaudin, a private attorney. While neither the Original Complaint [Rec. Doc. 1] nor the Amended Complaint [Rec. Doc. 11] contain specific allegations against Gaudin, an exhibit attached to the Amended Complaint states:

> 1. Bruce Gaudin
>
>    He first off violated my civil rights and also misused his power with the judge. I dont [sic] understand why he felt he had the

> authority to take my property away. The property belong to me and being that he lied to the judge that is considered theft by fraud. And when I went to talk to him about the mistake he made he said if I pay him he would put the property back in my name. My daughter Jane paid him $1700 to take the property, and if I have to bring Jane to court I will be suing her as well to get my property back. I am suing him for malpractice and pain and suffering. And if he decide to take it to trial I would like a jury trial.

Rec. Doc. 11-1, p.1.

## II. Law and Analysis

Gaudin argues, and this Court agrees, that the statement above is not a sufficient "short and plain statement of the claim," because it does not state what he did to violate plaintiff's rights. It merely states legal conclusions that a piece of property that belonged to the plaintiff was taken by fraud. The complaint contains no allegations which can support a claim against Gaudin, a lawyer in private practice, pursuant to §1983. 42 U.S.C. § 1983 provides for a private right of action for violations of federally-secured rights under color of state law. The statute states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . ., subject , or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . shall be liable to the party injured.

Thus, in order for a §1983 action to be viable, a plaintiff must meet three requirements:

> 1) deprivation of a right secured by the U.S. Constitution or federal law;
>
> 2) that occurred under color of state law; and
>
> 3) was caused by a state actor.

*Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004).

For a private citizen, such as Gaudin, to be held liable under Section 1983, "the plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989). A plaintiff satisfies this burden by alleging and proving: "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). It is clear that Gaudin is not a state actor as required for liability under § 1983.

Moreover, there is no factual basis to support any claim of a conspiracy between Gaudin and any alleged state actor to support a claim of state action. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) citing *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989), *cert. denied*, 493 U.S. 1083 (1990) ("'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy.*"); see also Babb v. Dorman*, 33 F.3d 472,

3

476 (5th Cir. 1994) *citing Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a conspiracy claim). Plaintiff's civil rights claims against Gaudin should therefore be dismissed for failure to state claims upon which relief may be granted.

### III. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** that Defendant Bruce Gaudin's Motion to Dismiss [Rec. Doc. 40] be **GRANTED**, dismissing plaintiff's claims against Bruce Gaudin **WITH PREJUDICE** for failing to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 16th day of August, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE