UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LAWRENCE RICHARD** | **CASE NO. 6:18-CV-00149** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **ALONZO HARRIS ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion To Dismiss Plaintiff's Complaint filed by Defendant Sheriff Bobby Guidroz ("Guidroz") [Rec. Doc. 49].

**I. Factual Background**

The Plaintiff, after dismissal by the State Court in an action that was pending in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, in Civil Action No. 16-C-0977-A, sought to file this action herein against a number of defendants, including St. Landry Parish Sheriff Bobby Guidroz. He alleges that his property was taken by "fraudulent acts by persons in authority." [Rec. Doc. 1, p 4.] Plaintiff alleges that Guidroz should be charged with negligence, accessory and withholding evidence because this matter "could have been taken care of but authorities was saying they can't do anything after a judge ruling and I feel like everybody was in favor of the judge." [Rec. Doc. 11-1, p.3]

## II. Law and Analysis

### A. Standard of Review

#### 1. Fed. R. Civ. P. 12(b)(6)

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court "must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, the court may not accept as true mere conclusionary allegations. *Kaiser Aluminum*, 677 F.2d at 1045; *Assoc.'d Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell A. Corp. V. Twombly*, 550 U.S. 544, 555-56 (2007). Facts that merely create a suspicion of a legally cognizable right of action are not enough. *Id. (citing* 5 C. Wright & Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). Although a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, *Kaiser Aluminum*, 677 F.2d at 1045; *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957), a complaint may be dismissed that shows relief to be barred by an affirmative defense. *Kaiser Aluminum*, 677 F.2d at 1045; *United Trans. Union v. Florida East Coast Railway Co.*, 586 F.2d 520, 527 (5th Cir. 1978).

In deciding a motion to dismiss, a court may (without converting the motion to one for summary judgment) properly look beyond the complaint to matters of public record. *Wright v. U.S. Postal Services*, 344 F. Supp. 2d 956, 961 (M.D. La. 2004); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.), cert. denied, 513 U.S. 868 (1994); *Louisiana ex rel. Guste v. United States,* 656 F.Supp. 1310, 1341 n. 6 (W.D.La.1986), *aff'd*, 832 F.2d 935 (5th Cir.1987), *cert. denied*, 485 U.S. 1033 (1988).

### 2. Fed. R. Civ. P. 12(b)(1)

In the context of a motion to dismiss, the applicable test for determining jurisdiction on the face of the pleadings is not whether the plaintiff may actually recover, but "whether the federal court claim alleged is so patently without merit as to justify the District Court's dismissal for want for jurisdiction.*" Sisk v. Texas Parks and Wildlife Dept*. 644 F.2d 1056, 1058 (5th Cir. 1981). Therefore, the complaint must be drawn to seek recovery under a federal statute or directly under the United States Constitution, and not immaterial and made solely for the purpose of obtaining federal jurisdiction, or wholly insubstantial and frivolous. *Spector v. L Q Motor Inns., Inc.*, 517 F.2d 278, 281 (5th Cir. 1975); *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

### B. Analysis

Sheriff Guidroz argues, and this Court agrees, that Plaintiff has failed to allege any actions, performed directly by the Sheriff or that would otherwise implicate him. He has also failed to identify a protected property interest that he alleges was subject to an unconstitutional deprivation.

Section 1983 generally provides for the redress by an injured party of constitutional deprivations "of any rights, privileges, or immunities secured by the Constitution" by any person acting under "color of law" 42 U.S.C. §1983; *West. v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's allegations that Sheriff Guidroz violated state law is insufficient to allege an action under §1983. A plaintiff must allege that the state actor violated a federal statutory or constitutional right. *Woodard v. Andrus*, 649 F.Supp.2d 496, 502-503 (5th Cir. 2009). Thus, Section 1983 is only applicable when a person is deprived of a federal right by that action. *Id*.

The Court finds that the complaint, taken as true for purposes of this motion, does not allege a cognizable substantive right under the due process clause of the Constitution. The test for determination of whether a person's substantive due process rights were violated is whether the behavior, or specific act, of the governmental officer is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 847 n. 8 (1998); *see also Woodard*, 649 F.Supp.2d at 503,504. Whether an

action "shocks the conscious" is an issue of the defendant's mental state. *Woodard*, 649 F.Supp.2d at 504 (*citing Lewis*, 523 U.S. at 848).

The Court finds that Plaintiff has made no allegation that Sheriff Guidroz intentionally undertook any action with an aim to deprive him of a substantive due process right. He tacitly alleges that Sheriff Guidroz may have carried out a court order in accordance with his ministerial and quasi-judicial obligation implicit in the order from the court. The fact that Sheriff Guidroz acted in accordance with his statutorily mandated ministerial duties does not rise to the level of constitutional deprivation that shocks the conscious. Plaintiff has not alleged that Sheriff Guidroz intended to injure or, at minimum, demonstrated deliberate indifference to his purported injuries. *See Woodard*, 649 F.Supp. 2d at 504. As such, Plaintiff has not sufficiently pled a deprivation of a substantive due process right, and his complaint must be dismissed on this basis.

Moreover, The Due Process Clause does not embrace tort law concepts. Although a litigant may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford such a remedy. *Daniels v. Williams*, 474 U.S. 327, 335 (1986). This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis v. Batless*, 70 F.3d 267, 375, (5th Cir. 1995)(*citing, Zinermon v. Burch*, 494 U.S. 113, 128-32

5

(1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State). Louisiana tort law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent. *Lee v. Driskel*, 2016 WL 4623284, *4 (W.D. La., Aug. 12, 2016); *see also* La. Civ. Code art. 2315. Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

Therefore,

**IT IS RECOMMENDED THAT** that Defendant Sherriff Bobby Guidroz's Motion to Dismiss [Rec. Doc. 49] be **GRANTED**, dismissing plaintiff's claims against Sheriff Bobby Guidroz **WITH PREJUDICE** for failing to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 7th day of November, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE