# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **LAWRENCE RICHARD** | **CASE NO. 6:18-CV-00149** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ALONZO HARRIS ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

Presently before the court is the Motion to Dismiss Plaintiff's Claims Against State Farm Mutual Automobile Insurance Company [Doc. 67] filed by State Farm Mutual Automobile Insurance Company ("State Farm"). Objections to the motion were required to be filed within 21 days of the filing of the motion. No objections have been filed.

### 1. FACTUAL BACKGROUND

The instant case was brought by Plaintiff, Lawrence Richard, against a number of parish and state employees as well as some private parties. Plaintiff brings the suit pursuant to 42 U.S.C. § 1983. Plaintiff's complaint and amended complaint both list the names of various parties named as defendants and State Farm is listed as a defendant in the amended complaint. However, there is no statement in either complaint reflecting any action which State Farm took with regard to the Plaintiff.

### 2. LAW AND ANALYSIS

State Farm asserts that the case should be dismissed based upon a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as well as pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The court will address these grounds together as the complaint wholly fails

to state any grounds for relief against State Farm, much less any claim which would provide a basis for subject matter jurisdiction in this court. While Plaintiff cites 42 U.S.C. § 1983 as the jurisdictional basis for his complaint, he alleges no facts connecting State Farm to his claims under Section 1983. Neither the complaint nor the amended complaint contain any allegations which can support a claim against State Farm pursuant to 42 U.S.C. § 1983, which is the basis for jurisdiction alleged by Plaintiff. The "burden of proof for a Rule 12(b)(1) Motion to Dismiss is on the party asserting jurisdiction." *Poree v. Mnuchin*, 722 Fed. Appx. 392, 2018 U.S. App. LEXIS 13020 (5th Cir. 2018). 42 U.S.C. § 1983 provides for a private right of action for violations of federally-secured rights under color of state law. The statute states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . ., subject, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . shall be liable to the party injured.

Thus, in order for a §1983 action to stand, a plaintiff must meet three requirements: 1) deprivation of a right secured by the U.S. Constitution or federal law; 2) that occurred under color of state law; and 3) was caused by a state actor. *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004). Plaintiff alleges no such facts with respect to State Farm. Instead, there is only a brief reference to "State Farm through Kendell Fontenot" in an exhibit to the complaint.

Moreover, in order for a private party, like State Farm, to be held liable under Section 1983, "the plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989). A plaintiff satisfies this burden by alleging and proving "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). State Farm is not a state actor as required for liability under § 1983. Further, there

are no factual allegations to support a claim that State Farm conspired with or acted in concert with any state actors to deprive Plaintiff of his constitutional rights. The claim against State Farm must therefore be dismissed. The court finds that amendment would be futile and, accordingly, denies leave to re-plead. The Court need not address the grounds raised by State Farm regarding Rule 12(b)(5).

### 3. CONCLUSION

For the reasons stated above, all claims asserted by Plaintiff against State Farm will be **DISMISSED** with prejudice.

THUS DONE in Chambers on this 18th day of December, 2018.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE