# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **LAWRENCE RICHARD** | **CASE NO. 6:18-CV-00149** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **ALONZO HARRIS ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

Presently before the court is the Motion to Dismiss Plaintiff's Claims Against Clerk of Court Office Staff of St. Landry Parish [Doc. 82] filed by Clerk of Court Office Staff of St. Landry Parish. Objections to the motion were required to be filed within 21 days of the filing of the motion. No objections have been filed.

### 1. FACTUAL BACKGROUND

The instant case was brought by Plaintiff, Lawrence Richard, against a number of parish and state employees as well as some private parties. Plaintiff brings the suit pursuant to 42 U.S.C. § 1983. Plaintiff's complaint and amended complaint both list the names of various parties named as defendants and "Clerk of Court Office Staff" is listed as a defendant in the amended complaint.

### 2. LAW AND ANALYSIS

Plaintiff names "Clerk of Court Office Staff" as a defendant herein. However, there is no such person or entity under this name. The staff of the Clerk of Court of St. Landry Parish are employees of the Clerk of Court. Pursuant to Federal rule of Civil Procedure 17(b), Louisiana law, as the state where the court is located, governs whether an entity has capacity to be sued. Under Louisiana law, "an entity must qualify as a juridical person to have the capacity to be sued." *Dejore v. Medley*, 945 So.2d 968 (La.App. 2d Cir. 2006). A "juridical person" is "an entity to which the law attributes

personality."[1] There is no law in Louisiana, statutory or otherwise, that give the "Clerk of Court Office Staff" the authority to sue or be sued.[2]

In addition, Plaintiff wholly fails to state any grounds for relief against the Clerk of Court Staff, much less any claim which would provide a basis for subject matter jurisdiction in this court. While Plaintiff cites 42 U.S.C. § 1983 as the jurisdictional basis for his complaint, he alleges no facts connecting the Clerk of Court Office Staff to his claims under Section 1983. Neither the complaint nor the amended complaint contain any allegations which can support a claim against the Clerk of Court Office Staff pursuant to 42 U.S.C. § 1983, which is the basis for jurisdiction alleged by Plaintiff. The "burden of proof for a Rule 12(b)(1) Motion to Dismiss is on the party asserting jurisdiction." *Poree v. Mnuchin*, 722 Fed. Appx. 392, 2018 U.S. App. LEXIS 13020 (5th Cir. 2018). 42 U.S.C. § 1983 provides for a private right of action for violations of federally-secured rights under color of state law. The statute states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . ., subject, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . shall be liable to the party injured.

Thus, in order for a §1983 action to stand, a plaintiff must meet three requirements: 1) deprivation of a right secured by the U.S. Constitution or federal law; 2) that occurred under color of state law; and 3) was caused by a state actor. *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004). Plaintiff alleges no such facts with respect to the Clerk of Court Office Staff. The claim against

---

[1] La. Civil Code Article 24.

[2] See *Green v. District Attorney Office*, 2009 WL 651132 (E.D. La. March 10, 2009); *Francois v. City of New Orleans*, 2014 WL 2700808 (E.D. La. June 12, 2014).

the Clerk of Court Office Staff must therefore be dismissed. The court finds that amendment would be futile and, accordingly, denies leave to re-plead.

### 3. CONCLUSION

For the reasons stated above, all claims asserted by Plaintiff against Clerk of Court Office Staff will be **DISMISSED** with prejudice.

THUS DONE in Chambers on this 28th day of March, 2019.

Robert R. Summerhays
United States District Judge